Donita J. Cole
2033 E. Oasis Street
Mesa, AZ 85213

FILED
2015 SEP 29 PM 2:04
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| *In re:*<br><br>DONITA J. COLE<br><br>*Petitioner / Debtor.*<br><br>MR CAPTIAL, LLC,<br><br>*Movant,*<br>v.<br><br>DONITA J. COLE, *Petitioner / Debtor,*<br>and ROGER BROWN, *Trustee,*<br><br>*Respondents.* | Case No.: 2-15-bk-07045-EPB<br><br>Chapter 13<br><br><u>**MOTION FOR RECONSIDERATION OF ORDER GRANTING ME CAPITAL LLC'S MOTION FOR RELIEF FROM STAY AND REQUEST FOR AN EVIDENTIARY HEARING**</u> |

**COMES NOW** the chapter 13 Debtor, DONITA J. COLE (hereinafter "DONITA"), without an attorney, pursuant to Motion for Reconsideration under Federal Rule of Civil Procedure 59(e), (the "Bankruptcy Rules"), moves for reconsideration of the Order entered by the Court on September 28, 2015 (the "Order") granting relief from stay [D.E. 61] to ME CAPITAL LLC (hereinafter "ME CAPITAL"),who was represented by CLINT W. SMITH, [D.E. 61] .

DONITA seeks the Court's reconsideration of Order Granting Relief from Stay because; (1) ME CAPITAL has not met its burden to prove they have Article III standing in this matter. Once the issue of lack of Article III standing is raised, it cannot be waived by the parties or the Court. (2) The movant failed to meet its burden to demonstrate that it has an interest in the Property, that value of the property is declining and that the debtor and other claimants would not be prejudiced by the relief requested

# ARGUMENT

1. DONITA timely filed her motion seeking reconsideration of a ruling on its merits. The Motion has been filed within 14 days of the original ruling. As such, the Motion should be treated as a motion to alter or amend a judgment under Rule 59(e).

2. DONITA raises only grounds for granting a [59(e)] motion based on newly discovered evidence or manifest errors of law or fact.

3. DONITA is not using Rule 59(e) to re-litigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment.

4. Federal Bankruptcy Rule 9023 incorporates by reference Federal Rule of Civil Procedure 59. *Finch v. City of Vernon*, 845 F.2d 256, 258–59 (11th Cir. 1998); *Mahone v. Ray*, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003); *Travelers Casualty and Surety Company of America v. Thorington Electrical & Construction Company*, 2010 WL 743138 at *1 (M.D. Ala. March 1, 2010) (noting "[t]ypically, post-judgment motions brought within 28 days of the judgment, and that 'call into question the correctness of that judgment' are construed under Rule 59 (citing Finch, 845 F.2d at 258–59)).

5. ME CAPITAL LLC has the burden to prove it has article III standing to bring a claim or request a relief against DONITA. Claimant failed to meet its burden to demonstrate that it has sustained an injury in-fact and that such injury can be traced to DONITA. The third element to proving Article III standing is whether this Court can provide the relief requested. In the absence of a valid note and mortgage naming ME CAPITAL LLC as payee, ME CAPITAL LLC lacks standing to bring a claim and thus this court lacks subject-matter jurisdiction. This Court could not provide the relief requested and therefore it was error to provide the relief.

6. There is no evidence presented in the record that a debt is owing to ME CAPITAL LLC by DONITA, or that a claim, if presented to her would not be contested.

7. DONITA submits that "cause" for reconsideration exists under all of the legal standards outlined above, and that reconsideration of the Order is appropriate. DONITA seeks reconsideration of the Order less than two weeks after entry of the Order.

8. ME CAPITAL LLC committed intrinsic fraud on the Court, and the Debtor, when it filed papers in the case claiming it was entitled to relief from stay. Subsequent to the Oral ruling, an

entity other than movant started litigating against the Debtor in State Court. This is new evidence of fraud on the Court an DONITA by ME CAPITAL LLC acting in concert with MR. CAPITAL LLC in the commission of fraud intrinsic and extrinsic. ME CAPITAL LLC and MR. CAPITAL LLC committed extrinsic fraud when they concealed from the court record evidence that the Note relied on to make their claim was void as a matter of law due to DONITA's Notice of Rescission.

10. The intrinsic and extrinsic fraud committed by ME CAPITAL LLC and MR. CAPITAL LLC against the court, and DONITA, is sufficient grounds to reconsider and vacate the order or, in the alternative, to hold an evidentiary hearing.

11. ME CAPITAL LLC failed to demonstrate by documentary evidence that the property lacks sufficient equity as a prerequisite for relief from automatic stay. *See* 11 U.S.C. §362(d)(2).

12. ME CAPITAL LLC failed to demonstrate by documentary evidence that the value of the property is diminishing as a pre-requisite for relief from automatic stay. *See* 11 U.S.C. §362(d)(1)

13. ME CAPITAL LLC failed to serve DONITA with process to bring her person within the jurisdiction of this Court.

14. DONITA also believes she may support reconsideration under the alternative legal standard for "cause" on grounds of mistake.

**WHEREFORE**, DONITA requests that this court reconsider its Order Granting Relief from Stay to vacate the order, and to grant DONITA's request to hold an evidentiary hearing.

RESPECTFULLY SUBMITTED this 29th day of September, 2015.

_____
Donita J. Cole

# CERTIFICATE OF SERVICE AND MAILING

PLEASE TAKE NOTICE that:

**MOTION FOR RECONSIDERATION
OF ORAL ORDER GRANTING
ME CAPITAL LLC'S
MOTION FOR RELIEF FROM STAY AND REQUEST FOR AN
EVIDENTIARY HEARING**

were served in court and mailed this 29th day of September, 2015, via U.S. Mail and Fax, to the parties below listed.

DATED this 29th day of September, 2015.

_/s/ Donita Cole_
Donita J. Cole

CLINT W. SMITH, P.C.
1423 S. Higley Rd., #128
Mesa, AZ 85206

(480) 807-9300
(480) 275-5626 (fax)


Russell Brown
Suite 800
3838 North Central Avenue
Phoenix, AZ 85012
Chapter13 Trustee