```
                          United States Bankruptcy Court
                                District of Arizona
In re:                                                      Case No. 15-07045-EPB
DONITA J COLE                                               Chapter 13
        Debtor                 CERTIFICATE OF NOTICE
```

District/off: 0970-2          User: gilbertt           Page 1 of 1              Date Rcvd: Jan 08, 2016
                              Form ID: pdf008          Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 10, 2016.
db            +DONITA J COLE,    2033 E OASIS STREET,    MESA, AZ 85213-9727
cr            +ME Capital, LLC,    c/o Clint W. Smith,    1423 S Higley Road,    Suite 128,    Mesa, AZ 85206-3450
cr            +MR Capital, LLC,    c/o Clint W. Smith, PC,   1423 S Higley Road, Suite 128,
                Mesa, AZ 85206-3450,    UNITED STATES
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                  TOTAL: 0

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 10, 2016                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 8, 2016 at the address(es) listed below:
              CLINT W. SMITH    on behalf of Creditor    MR Capital, LLC cws@cwspclaw.com
              CLINT W. SMITH    on behalf of Creditor    ME Capital, LLC cws@cwspclaw.com
              RACHEL ELIZABETH FLINN    on behalf of Trustee RUSSELL   BROWN rflinn@ch13bk.com, dsmith@ch13bk.com
              RUSSELL    BROWN    ecfmailclient@ch13bk.com
              U.S. TRUSTEE    USTPRegion14.PX.ECF@USDOJ.GOV
                                                                                            TOTAL: 5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

*In re:*

**DONITA J. COLE,**

*Debtor / Petitioner*

_____/

Case No. **2:15-bk-07045-EPB**

Chapter: **13**

### AMENDED
### MOTION FOR RECONSIDERATION OF ORDER
### GRANTING MR CAPITAL LLC'S MOTION FOR RELIEF FROM STAY,
### AND REQUEST FOR AN EVIDENTIARY HEARING

COMES NOW, Chapter 13 Debtor / Petitioner, **DONITA J. COLE** (*hereinafter "Petitioner"*), without an attorney, pursuant to this motion for reconsideration under **Federal Rule of Civil Procedure 59(e)**, (*the "Bankruptcy Rules"*), and moves for reconsideration of the Order entered by the Court on December 30, 2015 [D.E. 95] (*hereinafter "the Order"*) granting Relief from Stay to purported creditor **MR CAPITAL LLC,** (*hereinafter "MR CAPITAL"*) [D.E. 95] (emphasis added), who was represented by CLINT W. SMITH, [D.E. 61], who is also representing another entity, (**ME CAPITAL LLC** (*hereinafter "ME CAPITAL"*) [D.E. 95] (emphasis added), in the same matter, who purports to be the Purchaser of the property, and who filed the first request for Relief from Stay.

Petitioner seeks the Court's reconsideration of the Order that granted the Relief from Stay due to the following:

(1) To date, MR CAPITAL has not met its burden to prove they have Article III standing in this matter, since the claim of sale was purportedly to an entirely different entity named M**E** CAPITAL LLC, and not M**R** CAPITAL LLC (emphasis added). Once the issue of the lack of Article III standing is raised, it cannot be waived by the parties or the Court;

(2) The movant, MR CAPITAL, had failed to meet the minimum burden of demonstrating that it has a true and genuine interest in the Property, that "the value of the property is declining" as claimed, and by its false assertion that the Petitioner, and other claimants, would not be prejudiced by the granting of the relief requested.

1

# ARGUMENT

1. Petitioner timely filed her motion seeking reconsideration of the ruling on its merits. The Motion was filed within 14 days of the original ruling. As such, the Motion should be treated as a motion to alter or amend a judgment under Rule 59(e);

2. Petitioner only raises grounds for granting a [59(e)] motion based on newly discovered evidence, or manifest errors of law or fact;

3. Petitioner is not using Rule 59(e) to re-litigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment;

4. Federal Bankruptcy Rule 9023 incorporates, by reference, Federal Rule of Civil Procedure 59. *Finch v. City of Vernon*, 845 F.2d 256, 258–59 (11th Cir. 1998); *Mahone v. Ray*, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003); *Travelers Casualty and Surety Company of America v. Thorington Electrical & Construction Company*, 2010 WL 743138, at *1 (M.D. Ala. March 1, 2010) (noting "[t]ypically, post-judgment motions brought within 28 days of the judgment, and that 'call into question the correctness of that judgment' are construed under Rule 59 (citing Finch, 845 F.2d at 258–59));

5. MR CAPITAL has the burden to prove it has article III standing to bring a claim or request a relief against Petitioner. MR CAPITAL failed to meet the minimum burden to demonstrate that it has sustained an injury in fact, and that such injury can be traced to Petitioner. The third element to proving Article III standing is whether this Court can provide the relief requested. In the absence of a valid Note and Deed of Trust naming MR CAPITAL LLC as payee, MR CAPITAL lacks standing to bring a claim, and thus this court lacks subject-matter jurisdiction. This Court could not provide the relief requested to M**R** CAPITAL LLC (emphasis added), a party that is a different entity than the purported purchaser, M**E** CAPITAL LLC, and therefore it was error to provide said relief;

6. There is no evidence presented in the record that a valid debt is owing to MR CAPITAL LLC by Petitioner, or that a claim, if presented to Petitioner would not be contested;

7. Petitioner submits that "cause" for reconsideration exists under all of the legal standards outlined above, and that reconsideration of the Order is appropriate. Petitioner seeks reconsideration of the Order less than two weeks after entry of the Order;

2

8. MR CAPITAL LLC committed intrinsic fraud upon the Court, and upon Petitioner, when it filed papers in the case claiming it was entitled to Relief from Stay. Subsequent to the ruling, an entity other than movant, ME CAPITAL LLC, started litigating against the Petitioner in State Court. This is new evidence of fraud upon the Court and upon Petitioner by MR CAPITAL, acting in concert with ME CAPITAL LLC, in the commission of fraud intrinsic and extrinsic;

9. ME CAPITAL LLC, and MR. CAPITAL LLC have committed extrinsic fraud when they concealed from the court record evidence that the Note relied on to make their claim was **VOID** as a matter of law, due to Petitioner's prior executed Notice of Rescission;

10. The intrinsic and extrinsic fraud committed by both ME CAPITAL LLC, and MR. CAPITAL LLC against the court, and Petitioner, is sufficient grounds to reconsider and vacate the order, or, in the alternative, to hold an evidentiary hearing;

11. ME CAPITAL LLC, and MR. CAPITAL LLC failed to demonstrate, by documentary evidence, that the property lacks sufficient equity as a prerequisite for relief from automatic stay. *See* 11 U.S.C. §362(d)(2);

12. ME CAPITAL LLC, and MR. CAPITAL LLC failed to demonstrate by documentary evidence that the value of the property is diminishing as a pre-requisite for relief from automatic stay. *See* 11 U.S.C. §362(d)(1);

13. ME CAPITAL LLC, and MR. CAPITAL LLC failed to serve Petitioner Donita J. Cole with process to bring her person within the jurisdiction of this Court;

14. Petitioner also believes she may support reconsideration under the alternative legal standard for "cause" on grounds of mistake.

WHEREFORE, Petitioner moves the court and requests that the court reconsider its Order Granting Relief from Stay, to vacate the Order, and in pursuit of fairness and due process of law, to grant Petitioner's request to hold an evidentiary hearing.

December 31, 2015.

Respectfully submitted,

_____
DONITA J. COLE

3

Case 2:15-bk-07045-EPB    Doc 97    Filed 12/31/15    Entered 12/31/15 09:20:24    Desc
Main Document    Page 3 of 4
Case 2:15-bk-07045-EPB    Doc 106    Filed 01/08/16    Entered 01/10/16 23:09:56    Desc
Imaged Certificate of Notice    Page 4 of 5

## CERTIFICATE OF SERVICE

I the undersigned herby certifies that a true and correct copy of the foregoing has been furnished by U.S. Mail to: the parties on the service list on this date December 31, 2015.

_Donita Cole_
DONITA J. COLE

**SERVICE LIST:**

CLINT W. SMITH, P.C.
1423 S. Higley Rd., #128
Mesa, AZ 85206
 (480) 807-9300
 (480) 275-5626 (fax)

Roger W. Brown,
PO Box 32967
Phoenix, AZ 85064-2967
*Trustee*



4