MOYES SELLERS & HENDRICKS
Stephen Brower (No. 024908)
Joshua T. Greer (No. 025508)
1850 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone: (602) 604-2170
Email: sbrower@law-msh.com
Attorneys for Creditor MR Capital, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

In re:

Donita J. Cole,

Debtor.

Chapter 13

Case No.: 2:15-bk-07045-EPB

**MOTION TO CONVERT CASE**

The Debtor has failed to follow the Chapter 13 Trustee's recommendations. It is MR Capital's understanding that the Chapter 13 Trustee has either uploaded an order requesting that this case be dismissed or will soon do so. MR Capital requests the Court refrain from dismissing this case and instead convert this case to a Chapter 7 proceeding. It is not in the best interest of the creditors, the estate, the trustee, or this Court to permit this bankruptcy matter to be dismissed under the circumstances. Debtor has benefitted from and abused the bankruptcy process for months only to be facing dismissal for concealment/nondisclosure of assets. Allowing Debtor to choose to dismiss her bankruptcy in this way would be inequitable. Further, allowing Debtor to dismiss her bankruptcy here by her inaction would likely result in her filing bankruptcy again and rehashing old issues.

The Debtor has made many allegations against MR Capital, the Chapter 13 Trustee, and the Court that are best resolved by this Court. The most convenient forum for all parties to resolve these allegations is a Chapter 7 proceeding. Accordingly, MR Capital respectfully requests that the Court enter an order converting this case to Chapter 7.

00139039 3

## I. FACTUAL AND PROCEDURAL HISTORY

1. On September 22, 2010, Debtor filed for bankruptcy. The Court dismissed this petition as a result of the Debtor's failure to file information. [*In re Cole,* 2:10bk-30321 (D. Ariz.)]

2. On June 8, 2015 the Debtor filed this case. [Docket No. 1].

3. On June 23, 2015, this Court dismissed the Debtor's case as a result of the Debtor's failure to file schedules. [Docket No. 15].

4. The Court reinstated this case on July 23, 2015. [Docket No. 19].

5. On August 12, 2015 the Chapter 7 Trustee noticed the sale of property owned by the Debtor. [Docket No. 29].

6. As a result of the Trustee's motion, the Debtor moved to convert this case to a Chapter 13 proceeding on September 4, 2015. [Docket No. 42].

7. The Court converted the case on September 14, 2015 and appointed Russell Brown as trustee (the "Chapter 13 Trustee"). [Docket No. 54].

8. On December 29, 2015 the Chapter 13 Trustee issued his preliminary recommendations. Among other things, the Chapter 13 Trustee noted that Debtor failed to disclose certain assets on her schedules. The Chapter 13 Trustee notified the Debtor that she was to comply with these recommendations no later than January 28, 2016 or the Trustee would lodge a dismissal order. [Docket No. 94].

9. On January 27, 2016, the Court extended the time for the Debtor to comply with the Trustee's recommendations until February 26, 2016. [Docket No. 112].

10. The Debtor has not complied with the Chapter 13 Trustee's recommendations. Instead, the Debtor has lashed out against the Chapter 13 Trustee, MR Capital, and the Court. Specifically, the Debtor has accused the Chapter 13 Trustee of "paralysis, utter inaptness (sic) and gross negligence." The Debtor further suggests that the Chapter 13 Trustee has a common interest with MR Capital and that the two parties are engaged in an illegal racketeering scheme to the detriment of the Debtor. [*See* Docket No. 132].

11. The Debtor has further requested reassignment from this Court believing that the Court is biased against her.

## II. LEGAL ARGUMENT

The Code permits a court to covert a Chapter 13 proceeding to a Chapter 7 liquidation. 11 U.S.C. § 1307)(c). Conversion is appropriate for cause including, among other things, the unreasonable delay by the Debtor and failure to make plan payments. 11 U.S.C. § 1307(c)(1-6).

### A. Debtor Has Improperly Delayed Administration of this Case.

Since December 30, 2015, Debtor has made numerous frivolous filings that have delayed the resolution of this matter. Specifically, despite this Court lifting the stay to permit MR Capital to enforce its state law rights, the Debtor filed an emergency exigent petition order seeking to preclude MR Capital to enforce its rights. [Docket No. 108]. Similarly, the Debtor filed an insufficient and improper request for judicial notice [Docket No 117] and requested – and obtained – an emergency telephonic hearing regarding her personal property. [Docket No. 123]. Most recently, the Debtor filed a paper accusing the Chapter 13 Trustee and MR Capital of a conspiracy to harm the Debtor, [Docket No. 132] as well as a request for a new judge on an unfounded accusation of bias. [Docket No. 131].

Despite these numerous filings, the Debtor has not found the time to timely comply with the Chapter 13 Trustee's recommendations. As a result of this deficiency, the Court is permitted to summarily dismiss this matter. Local Rule 2084-10. However, conversion, not dismissal, is in the best interests of the creditors. Once cause to dismiss has been established, the decision to dismiss or covert a case rests within the discretion of the Court. *Nelson v. Meyer (In re Nelson)*, 343 B.R. 671, 675 (9th Cir. BAP 2006) (chapter 13 case). However, in considering a dismissal, the Court must consider the interests of the creditors. *See, e.g., In re Sullivan*, 522 B.R. 604, 606 (B.A.P. 9th Cir. 2014) (reversing because the Court failed to consider the best interests of the creditors). Here, the interests of the creditors favors conversion as opposed to dismissal. The Debtor

has levied serious allegations against MR Capital and has shown a strong inclination to utilize the judicial process to harass and prevent MR Capital from exercising its state law rights. This Court remains the best forum to resolve the specious allegations raised by the Debtor and ensure that all issues are fully and finally resolved.

### B. Debtor Has Failed to Correct Multiple Deficiencies.

Debtor has failed to correct multiple deficiencies noted by the Chapter 13 Trustee and failed to provide information requested. The recommendations filed by the Chapter 13 Trustee required Debtor to file an amended plan; make plan payments; provide tax returns; list vehicles on her schedule (or otherwise provide an explanation about the ownership of the vehicles); and provide information about the debt to Marla Chantry. Despite this warning, Debtor is currently delinquent on plan payments. This is reason alone to convert the case to a Chapter 7 proceeding.

Further, Debtor did not file an amended plan as required by the recommendations. Debtor also did not amend her bankruptcy schedules to list her vehicles or real estate. Indeed, during a hearing with this Court on February 16, Debtor admitted that she owns real property that she had not included in her bankruptcy schedules. Despite this, Debtor has failed to amend her schedules to disclose her assets.

Beyond this, the Court entered a Rule 2004 Order on February 11, 2016 directed at Debtor requiring her to provide documents regarding (i) any trust in which she is a settlor, trustee, or beneficiary; (ii) vehicles owned by Debtor; (iii) real property owned by Debtor; and (iv) personal property owned by Debtor. This Order was served on Debtor on February 16, 2016, but Debtor did not produce the documents or appear for examination.[1] The Debtor's failure to abide by even basic disclosure obligations regarding her assets and liabilities is reason alone to convert this case to a Chapter 7 proceeding.

---

[1] The order referenced February 29 at 1:00 p.m. as the date for compliance. The order contains a caveat that "date/time is acceptable if stipulated to by the parties." Debtor did not communicate any disagreement with the date and time referenced in the order.

00139039 3

## III. CONCLUSION

For these reasons, MR Capital respectfully requests that the Court covert this case to a Chapter 7 proceeding as a result of the Debtor's failure to comply with the Chapter 13 Trustee's recommendations.

DATED: February 29, 2016

MOYES SELLERS & HENDRICKS

By: /s/ *Stephen Brower*
Stephen Brower
Joshua T. Greer
Attorneys for Creditor MR Capital, LLC

E-FILED: February 29, 2016

COPIES emailed and/or mailed this same day to:

Donita J. Cole
PO Box 4907
Mesa, AZ 85211
Email: d.cole@cox.net
Debtor *Pro Se*

Rachel E. Flinn
Russell Brown
3838 N. Central Avenue, Suite 800
Phoenix, AZ 85011
Email: rflinn@ch13bk.com
Chapter 13 Trustee

Office of the US Trustee
230 N. Central Avenue, Suite 204
Phoenix, AZ 85003
Email: ustpregion14.px.ecf@usdoj.gov
US Trustee

/s/ *Kelly White*

00139039 3

Case 2:15-bk-07045-EPB   Doc 135   Filed 02/29/16   Entered 02/29/16 15:07:08   Desc
Main Document    Page 5 of 5