Scott A. Lieske 016250
Rachel E. Flinn 027000
3838 N. Central Ave., Ste. 800
Phoenix, AZ 85012
(602) 277-8996
(602) 253-8346, facsimile
Attorney for Russell A. Brown, Chapter 13 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DONITA J. COLE<br><br>Debtor. | In Proceedings Under Chapter 13<br><br>Case No. 2:15-bk-07045-EPB<br><br>**TRUSTEE'S RESPONSE TO DEBTOR'S OBJECTION TO MR CAPITAL'S MOTION TO RECONVERT THE CASE TO CHAPTER 7** |

Russell A. Brown, Chapter 13 Trustee, by and through counsel undersigned, hereby responds to Debtor's Objection to MR Capitals Motion To Reconvert The Case To Chapter 7.

The Debtor's Objection to Conversion, argues that the Trustee has abrogated his fiduciary duty to protect the Bankruptcy Estate ("the Estate") by failing to protect the Debtor's real property located at 2033 E. Oasis Street, Mesa, Arizona ("the Oasis Property") from foreclosure. The Trustee had no duty to object to ME Capital's Motion for Relief from the Automatic Stay, as the Debtor's Oasis Property was of no interest to the Bankruptcy Estate. The Oasis Property was sold by Trustee Sale on July 8, 2015 to MR Capital. At this point in time, the Debtor's bankruptcy case was not only dismissed, but the Debtor's bankruptcy case was still assigned as a Chapter 7 proceeding. The Chapter 13 Trustee was not appointed to represent the Estate until September 15, 2015. On September 16, 2015, the Honorable Judge Ballinger found that the Oasis Property was not property of the Estate and lifted the automatic stay. The Court found that the Debtor's allegations against ME Capital would need to be adjudicated in State Court, not Bankruptcy Court (See Doc No 62).

Further the Trustee did not abrogate the Trustee's fiduciary duty by not objecting to MR Capital's Motion for Relief. MR Capital purchased the Oasis Property on July 8, 2015 from ME Capital. A State Court Judgment issued on September 30, 2015, granted MR Capital possession of the Oasis Property and rental income for the time period that the Debtor continued to reside in the home. Once again the Bankruptcy Estate had no interest in the Debtor's household goods and other personal property. The Debtor had claimed Arizona exemptions in order to protect her regular household goods and appliances. At a hearing on February 16, 2016 the Court urged the Debtor to adjust her schedules in accordance with the Arizona exemptions in order to properly define what assets were protected from MR Capital. The Trustee's Counsel provided the Debtor with her contact information so that she could assist the Debtor in obtaining a copy of the exemption list (See Doc No. 123). Such an amendment would have also allowed the Trustee to determine if there were any non-exempt assets that would benefit the Estate. In accordance with the Court's request that the Trustee assist the Debtor in obtaining a copy of the exemption list, Trustee's Counsel emailed the Debtor a PDF of the exemption list from the Arizona Bankruptcy Court's website on February 16, 2016. The Debtor responded and thanked Trustee's Counsel for the exemption list. However, the Debtor still failed to file the amendment and itemize her personal property in accordance with the Court's request. The Trustee cannot determine if any of the Debtor's assets are indeed assets of the Bankruptcy Estate, when the Debtor fails to properly disclose such assets.

Debtor suggests that the Trustee's sole duty is to the Debtor and his sole responsibility is to assist the Debtor. While assisting the Debtor is one of the Trustee's responsibilities, he does not represent her. The Trustee is not responsible for representing the Debtor's interests to the exclusion of anyone else's interest. The Trustee owes a duty to the Bankruptcy Estate to which he is appointed. According to 11 U.S.C. § 323(a), the Trustee is the representative of the Estate. The Trustee, nor his Counsel, have any interest or ties to either MR Capital or ME Capital. The Trustee routinely issues no objection responses to motions to convert cases to Chapter 7, whether such motion is filed by a Debtor or a Creditor. The only timely filed claim in this matter, is Claim Number 1 filed by MR Capital. The Trustee reviewed the Motion to Reconvert and

1   determined that since the Debtor does not seem to moving her case towards confirmation, the
2   best option for all parties involved is to have the case reconverted to one under Chapter 7.

3        The Debtor has sought this Court's protection from creditors. The quid pro quo for that
4   relief in Chapter 13 is that the Debtor must comply with the rules of the bankruptcy system that
5   she is utilizing for relief.  Besides the fact that Debtor has failed to comply with numerous
6   Trustee and Court requests, the Trustee has further concerns that the Debtor may be preparing
7   legal documents for a third party in this matter, Marla Chantry.  Marla Chantry's Motion for
8   Reconsideration of the Order Granting MR Capitals Application for a 2004 Examination (Doc.
9   No. 133) was word for word the same as the Debtor's Motion to Reconsider MR Capital's
10  Application for 2004 Examination (Doc. No. 126).  The only difference in the two motions was
11  the name and some of the details on page one. Starting on page two the typesetting, format, font,
12  and language was the exact same.  The Motions cited the exact same case law and Bankruptcy
13  Rules.   The Trustee seeks an explanation from the Debtor regarding who has been preparing the
14  numerous Court filings in this case.  If the Debtor herself has been preparing the court
15  documents, the Trustee would remind the Debtor that she is only allowed to prepare and file her
16  own pleadings in this matter.  The Debtor is not authorized as an Arizona licensed attorney, nor
17  is she licensed by the Arizona Supreme Court as a document preparer and, thus, is not allowed to
18  prepare and file pleadings on behalf of third parties.

19        Despite the Debtor's argument to the contrary, the Debtor is currently delinquent on her
20  plan payments by one month in the amount of $100.00.  A review of the Trustee's accounting
21  system shows that the Debtor failed to make her November 15, 2016 payment.  Not only has the
22  Debtor fallen behind on plan payments she has also failed to take any steps to move the case
23  towards confirmation.  Trustee's Counsel offered the Debtor a 30 day extension to comply with
24  the Trustee's recommendation at the hearing on January 27, 2016.  The Debtor filed a request for
25  another 30 day extension on February 29, 2016.  The Debtor has not provided one document
26  requested in the recommendation.  The Debtor has also not filed any of the amendments
27  requested in the Trustee's Recommendation.  However, the Debtor has found time to file
28  motions accusing the Trustee of not doing his job, while the Debtor continues to not do her job.

The Debtor has a duty to disclose assets, comply with requests by the Trustee for information, and file the requested amendments.. By seeking the relief and protection afforded by filing bankruptcy, a debtor must accept the responsibility and consequences that come with it. The Debtor continues to blame the Creditor, the Trustee, and even the Court for her situation. Her allegations are completely without merit.

Scott Lieske, Esq.   ABN 16250
Rachel E. Flinn, Esq.  ABN 027000
Staff Attorneys for Chapter 13 Trustee
SLieske@ch13bk.com
Rflinn@ch13bk.com

Copy of the foregoing mailed or emailed to the following parties on the date of the electronic signature affixed hereto:

**DONITA J COLE**
PO BOX 4907
MESA, AZ 85211
(Debtor Pro-se)

Moyes, Sellers, & Hendricks
Stephen Brower
sbrower@law-msh.com
(Attorney for MR Capital)

Elizabeth C. Amorosi
OFFICE OF THE UST
elizabeth.c.amorosi@usdoj.gov