**LANE & NACH, P.C.**
2001 East Campbell Avenue
Suite 103
Phoenix, Arizona 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003

Michael P. Lane – 007435
Email: michael.lane@lane-nach.com

Attorneys for Roger W. Brown, Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DONITA J. COLE,<br><br>Debtor. | (Chapter 7 Case)<br><br>No. 2:15-bk-07045-EPB<br><br>**TRUSTEE'S APPLICATION FOR AUTHORITY TO ENTER INTO A COMPROMISE WITH MR CAPITAL, LLC [F.R.B.P. 9019]** |

Roger W. Brown, Chapter 7 Trustee, by and through his attorneys undersigned, herein applies to this Court for an Order authorizing the Trustee to enter into a compromise with MR Capital, LLC ("MR"). In support of this Application, Trustee respectfully presents the following Memorandum of Points and Authorities:

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. FACTUAL BACKGROUND**

1. This case was commenced by voluntary petition filed by the Debtor under Chapter 7 of Title 11, United States Code on June 8, 2015, which converted to Chapter 13 on September 14, 2015 and re-converted to Chapter 7 on March 10, 2016.

2. Roger W. Brown is the duly qualified and acting Trustee in this case ("Trustee").

3. MR is a creditor of this Estate, and has successfully obtained stay relief to remove Debtor from the residence located at 2033 East Oasis Street, Mesa, Arizona 85213. MR had previously obtained title to the residence. MR has an unliquidated claim against the Estate as a result of Debtor's prior conduct.

4. Among the assets of this Estate are two small parcels of real property adjacent to the Oasis Street Property. These parcels were not disclosed by the Debtor in her Schedules filed with this Court. The two parcels are described as follows:

(a) Parcel No. 141-03-029A. This parcel is located off of Gilbert Road and is approximately 10.5' x 306.5', with a total area of 3,219 square feet. Upon information and belief, the property is unbuildable and has only nominal value.

(b) Parcel No. 141-3-031. This parcel is located off of Gilbert Road and is approximately 59.0' x 334.0', with a total area of 19,740 square feet. Upon information and belief, this property is unbuildable due to its elongated alignment and only has minimal value.

5. On her schedule, Debtor has listed claims against MR. These claims are property of the Chapter 7 Estate.

6. On her schedule, Debtor has listed claims against Countrywide Bank. These claims are property of the Chapter 7 Estate.

7. MR has offer to pay the Trustee the sum of $6,000.00 to acquire the Estate's interest in Parcel No. 141-03-029A, Parcel No. 141-3-031 and any claims the Estate may have against MR or Countrywide Bank. In addition, MR will waive any claims it may have against the Estate and agrees not to take any distribution from the Estate.

8. Payment to the Trustee will be made within ten (10) days of the entry of an Order approving this Application. Trustee believes the settlement is appropriate after consideration of all of the circumstances.

## II. LEGAL ARGUMENT

The requested relief is authorized by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure which provides as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States

> Trustee, the debtor, the indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

The Trustee, in the exercise of his best business judgment and in consideration of the requirements of *A & C Properties*, 784 F.2d 1377 (9th Cir. 1986), *In re Woodson*, 839 F.2d 610 (9th Cir. 1988), and *In re Schmitt*, 215 B.R. 417 (9th Cir. BAP 1997), believes that the proposed compromise and settlement is appropriate resolution of this matter.

Bankruptcy courts have broad discretion in approving compromise agreements. *In re Woodson* 839 F.2d at 620. The Court may approve a compromise if it is fair and equitable. Id. In determining the fairness and adequacy of a proposed compromise agreement, the Court should consider the following four factors: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in collection; (3) the complexity of the litigation involved as well as the expense, inconvenience and delay necessarily attendant to the litigation; and (4) the paramount interest of creditors and a proper deference to their reasonable views.

Consideration of these factors does not require the Court to decide questions of law or fact raised in the controversies sought to be settled, or determine that the compromise presented is the best possible outcome. Rather, the Court need only canvass the issues to determine whether the settlement falls "below the lowest point in the zone of reasonableness". *Newman v. Stein*, 464 F.2d 689, 698 (2nd Cir. 1972). cert. denied. 409 U.S. 1039 (1972); see also *In re Pennsylvania Truck Lines, Inc*., 150 B.R. 595, 598 (Bankr. E.D. Pa. 1992) (holding that a bankruptcy court must consider these factors to see whether the settlement falls below the lowest point in the range of reasonableness.) Accordingly, if the court finds the compromise does not fall below the threshold of reasonableness, the compromise should be approved. *In re Planned Protective Services, Inc*., 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991). The Trustee believes the proposed settlement is in the best interest of the creditors and parties-in-interest of this Estate. The claims to be assigned to MR are dubious and the parcels being transferred are of no value to anyone other than MR, the adjoining property owner.

WHEREFORE, Roger W. Brown, Trustee, prays for an Order of this Court approving this Application; and, for such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 25th day of March, 2016.

**LANE & NACH, P.C.**

By /s/ MPL 007435
Michael P. Lane
Attorneys for Trustee

**STIPULATED AND AGREED:**

MOYES, SELLERS & HENDRICKS

By /s/ Joshua T. Greer w/ permission
Joshua T. Greer
Attorney for MR Capital, LLC

COPY of the foregoing mailed:

Donna Cole
P.O. Box 4907
Mesa, AZ 85211
Debtor/Pro Se

Delivered via electronic notification to:

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: Edward.K.Bernatavicius@usdoj.gov

By /s/ Sheila Rochin