MOYES SELLERS & HENDRICKS
Stephen Brower (No. 024908)
Joshua T. Greer (No. 025508)
1850 North Central Avenue, Suite 1100
Phoenix, Arizona 85004
Telephone: (602) 604-2170
Email: sbrower@law-msh.com
Attorneys for Creditor MR Capital, LLC

1

2

3

4

5

6

7  UNITED STATES BANKRUPTCY COURT

8  DISTRICT OF ARIZONA

9

| In re: | Chapter 13 |
|---|---|
| | Case No.: 2:15-bk-07045-EPB |
| Donita J. Cole, | |
| Debtor. | **MR CAPITAL'S STATEMENT OF POSITION IN SUPPORT OF TRUSTEE'S 9019 MOTION [DE 179]** |

13

14        MR Capital, LLC submits its statement of position in support of the Trustee's 9019

15  Motion [DE 179] seeking approval to settle claims with MR Capital.   Through the

16  Settlement, the Trustee is settling claims that MR Capital has against the Estate and giving

17  up assets that have no value to any party other that MR Capital.   Additionally, the

18  allegations in the Debtor's response to the Trustee's motion are simply incorrect.

19  Accordingly, MR Capital respectfully requests that the Court grant the Trustee's motion

20  and provide the Trustee with authority to enter into the settlement.

**I.        FACTUAL BACKGROUND**

21
22
        **A.        The History of the Oasis St Property**

        As the Court may recall, until 2015, the Debtor was the owner of a home located at

23  2033 East Oasis Street, in Mesa Arizona (the "Oasis Street Property").   The Debtor

24  refinanced the Oasis Street Property in February 2008 with Countrywide Bank.   Pursuant

25  to the terms of that refinance, Countrywide provided the Debtor with $535,000 secured by

26  the Oasis Street Property.   The Debtor defaulted on the loan.   On July 8, 2015, MR

27  Capital purchased the Oasis Street Property at the Trustee's Sale.   MR Capital received a

28
00142911 2

trustee's deed on July 21, 2015. After this Court lifted the automatic stay, MR Capital obtained a judgment for possession of the Oasis Street Property. On December 30, 2015, the constable served a writ of restitution on the Debtor. MR Capital is the sole creditor that has filed a proof of claim in this case.

## B. The Settlement Property.

The Trustee's 9019 motion seeks approval for the Trustee to enter into a settlement with MR Capital. In this settlement, the Trustee is giving up estate assets that have no value to any party other that MR Capital in order to settle MR Capital's proof of claim and all other claims that MR Capital has against the bankruptcy estate. Specifically, the Trustee is surrendering 2 strips of land and 2 legal claims.

### a. The Western Strip.

The first strip of land included in the proposed settlement is located immediately to the west of the Oasis Street Property (the "Western Strip"). The Western Strip is a strip of property that runs along the entire western border of the Oasis Street Property. At its widest, the Western Strip is approximately 10.5feet wide. There are no structures on the Western Strip. The Western Strip is fenced on its north, west and south borders. The fencing is consistent with the fencing on the Oasis Street Property. There is no fence separating the Western Strip from the Oasis Street Property. As a result of the fencing on the Western Strip, to the casual observer, the Western Strip is part of the Oasis Street Property. Due to its narrow size, there is no market for the Western Strip and it has no value to any party other than MR Capital. The Western Strip is undevelopable.

### b. The Eastern Strip.

The second strip of land included in the proposed settlement is located immediately to the east of the Oasis Street Property (the "Eastern Strip"). The Eastern Strip is a strip of property that runs along the entire eastern border of the Oasis Street Property. At its widest, the Eastern Strip is approximately 59 feet wide. There are no structures on the Eastern Strip. The Eastern Strip is fenced on its north, east and south borders. The

00142911 2

fencing is consistent with the fencing on the Oasis Street Property. As a result of the fencing on the Eastern Strip, to the casual observer, the Eastern Strip is part of the Oasis Street Property. The Eastern Strip contains the irrigation port for the Oasis Street Property. The Eastern Strip is zoned RS-43.[1] This means that the minimal lot size for this zoning is 1 acre. The Eastern Strip is less than one-acre and is out of compliance with the current zoning. As a result, the Eastern Strip is undevelopable. Additionally, as a result of this zoning, there is an extremely limited market for the Eastern Strip. Apart from MR Capital, the only other party to whom the Eastern Strip provides any value is the party that owns the property east of the Eastern Strip.

### c.    The Countrywide Claim.

The first claim included in the proposed settlement is the Debtor's claim against Countrywide Bank (the "Countrywide Claim"). The Debtor has not initiated any claim against Countrywide Bank, accordingly, the Countrywide Claim is merely a potential claim. In order to pursue the Countrywide Claim, it would be necessary for the estate to engage special counsel and be prepared to bear the costs of significant litigation. In her schedules, the Debtor values the Countrywide Claim at $316,200. The Debtor is severely mistaken as to the value of this claim. The Countrywide Claim arises out of a belief that Countrywide Bank failed to rescind the Debtor's loan. However, the Debtor has admitted in open Court that she never offered to return the $535,000 to Countrywide Bank.

---

[1] Section 11-5-1 of the Mesa Zoning Ordinance states:

**RS Single Residence.** To provide areas for detached single residence housing at densities of up to 7 units per net acre. Designators (-90, -43, -35, -15, -9, -7 and -6) are used to denote the minimum lot size in thousands of square feet. This district also provides for residential care facilities, day care group homes, park and recreation facilities, and civic and institutional uses such as churches and places for religious assemblies that are appropriate in a residential environment. Non-residential uses of a strictly limited scale under the specific conditions listed may also be allowed

00142911 2

Accordingly, it is MR Capital's belief that the claim against Countrywide Bank is worthless. MR Capital is purchasing the claim to avoid any nuisance in the future. MR Capital has no intentions of pursuing any claim that it acquires in the settlement.

### d.    The MR Capital Claim.

The second claim included in the proposed settlement is the Debtor's claim against MR Capital (the "MR Capital Claim"). The Debtor has not initiated any claim against MR Capital. Accordingly, the MR Capital Claim is merely a potential claim. In order to pursue the MR Capital Claim, it would be necessary for the estate to engage special counsel and be prepared to bear the costs of significant litigation. In her schedules, the Debtor values the MR Capital Claim at $300,000+. MR Capital is unaware of the basis of this valuation; however, it appears that the Debtor's bases her claims against MR Capital upon MR Capital's eviction of the Debtor from the Oasis Street Property. MR Capital believes that any claims against it are specious as MR Capital properly lifted the automatic stay to pursue its claims against the Debtor in State Court. The fact that MR Capital was successful in its litigation and lawfully able to evict the Debtor from the Oasis Street Property cannot serve as a basis for liability. Furthermore, MR Capital believes that any claims against it would be barred by the principles of res judicata as there is a final state court judgment adjudicating that MR Capital has a superior right to the Oasis Street Property over the Debtor. MR Capital is purchasing the claim to avoid any nuisance in the future.

### C.    Debtor's Response to the Trustee's Motion

On March 29, 2016, the Debtor filed an objection to the Trustee's 9019 Motion. The Debtor's response contains both legal and factual inaccuracies. Legally, the Debtor incorrectly claims that she is in a Chapter 13 proceeding and that the Eastern Strip and the Western Strip are exempt property. These contentions are legally incorrect. Additionally, the Debtor incorrectly states that she has tendered funds to MR Capital and that MR Capital rejected the tender. This statement is simply incorrect. The Debtor has never

00142911 2

tendered any funds to MR Capital to resolve the state court judgment. Nor has the Debtor taken any action to resolve MR Capital's proof of claim. The remainder of Debtor's response is based upon Debtor's faulty valuation of the MR Capital Claim and the Countrywide Bank Claim.

## II. CONCLUSION

The Federal Rules of Bankruptcy permit the Trustee to exercise its business judgment in compromising claims. As noted by the Trustee, the Court has broad discretion in approving settlements. Here, MR Capital is willing to settle its real claims against the Estate in exchange for property that has little, or no, value to anyone except MR Capital. MR Capital is the only creditor that has filed a proof of claim in this matter. Absent this settlement, the Trustee would be forced to find a market for these worthless assets and still deal with MR Capital's creditor claims in this bankruptcy. Through this settlement, the Trustee is able to completely resolve all remaining issues in this Bankruptcy and forever sunder any relationship between the Debtor and MR Capital. Accordingly, MR Capital respectfully requests that the Court approve this settlement.

DATED this 4th day of April 2016

MOYES SELLERS & HENDRICKS


By:/s/ *Joshua T. Greer*
　　　Stephen Brower
　　　Joshua T. Greer
　　　Attorneys for Creditor MR Capital, LLC

E-FILED this 4th day of April 2016;

COPIES emailed and/or mailed this same day to:

Donita J. Cole
PO Box 4907
Mesa, AZ 85211
Email: d.cole@cox.net
Debtor *Pro Se*

00142911 2

1   Michael Lane
    Lane & Nach
2   2001 East Campbell Avenue
    Suite 103
3   Phoenix, Arizona 85016
    Email: michael.lane@lane-nach.com
4   Attorney for Chapter 7 Trustee.

5
    /s/   *Strong, Carol*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00142911 2